**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1222**

———————

In re: REDSKINS GRILLE 1, LLC,

        Debtor.

- - - - - - - - - - - - - - - - - - - -

H. JASON GOLD,

        Plaintiff – Appellee,

    v.

OLD TOWN FOOD SERVICE, LLC, a/k/a Old Town Food Services, LLC, a/k/a The Fish Market,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:21-cv-00984-LMB-JFA)

———————

Submitted: October 20, 2022                    Decided: October 12, 2023

———————

Before DIAZ, Chief Judge, KING, Circuit Judge, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Steven B. Ramsdell, TYLER, BARTL & RAMSDELL, P.L.C., Alexandria, Virginia, for Appellant. Alexander M. Laughlin, ODIN, FELDMAN & PITTLEMAN,

P.C., Reston, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2017, debtor Redskins Grille 1, LLC — which operated a Washington Redskins-themed restaurant in Loudoun County, Virginia — filed for Chapter 11 bankruptcy protection in the Eastern District of Virginia. That bankruptcy proceeding was converted in August 2017 to a Chapter 7 liquidation, and plaintiff H. Jason Gold was appointed as trustee to liquidate Redskins Grille's assets.  Upon posting a required $100,000 deposit, defendant Old Town Food Service, LLC, submitted a $700,000 bid for Redskins Grille's assets, including a deed of lease with the restaurant's landlord. The bankruptcy court approved the sale over the landlord's objection on November 16, 2017 (the "Sale Order"), and Gold then delivered a purchase agreement to Old Town for its signature. By that time, the secured creditors and Gold had come to an agreement as to how the sale proceeds would be used, which the bankruptcy court approved on November 9, 2017 (the "Carve-Out Order"). Under the Carve-Out Order, the bankruptcy estate would be entitled to use some of the sale proceeds for various expenses, which amounted to approximately $462,571 of the $700,000 sale price. The remainder of the proceeds would go to the secured creditors.

On November 29, 2017, Old Town backed out of the sale due to difficulties with the landlord, resulting in no signed purchase agreement and no closing. Pursuant to the bankruptcy court's deadline, Gold only had one week to assume and assign the deed of lease to someone else and was unable to do so. Consequently, the value of the asset was deemed destroyed, and Gold returned control and possession of the premises to the

3

landlord. Gold retained Old Town's $100,000 deposit, but the remaining $600,000 of the sale price was not tendered.

In April 2018, Gold initiated this adversary proceeding in the bankruptcy court, alleging in Count I of the operative Amended Complaint that Old Town breached the purchase agreement and owed the $600,000 remainder of the sale price to the bankruptcy estate. In response, Old Town asserted a counterclaim, seeking return of its $100,000 deposit and arguing that no purchase agreement had ever been finalized. The parties then filed cross-motions for summary judgment. By its decision of May 2019, the bankruptcy court concluded that its previous Sale Order served to collaterally estop Old Town from relitigating whether a contract had been formed. The bankruptcy court thus granted summary judgment to Gold on the Count I breach of contract claim and denied Old Town's cross-motion for summary judgment. Concomitantly, the bankruptcy court awarded Gold $600,000 in damages, i.e., the full $700,000 sale price minus the $100,000 deposit that had been retained.

Old Town appealed the bankruptcy court's decision to the district court, which affirmed the decision as to liability in February 2020. The district court remanded to the bankruptcy court with respect to damages — specifically, whether Gold's damages should be limited to the total amount of approximately $462,571 that the bankruptcy estate had expected to receive under the Carve-Out Order.

By its remand decision of August 2021, the bankruptcy court yet ruled that Gold was entitled to the full $700,000 sale price, in that, inter alia, the Carve-Out Order never

4

took effect because the sale did not close.  Old Town again appealed to the district court, which affirmed the bankruptcy court's remand decision in February 2022.

Old Town then timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 158(d)(1).  "On an appeal from a district court, we review the bankruptcy court's decision directly." *See In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008).  In so doing, "we review the bankruptcy court's legal conclusions de novo and its factual findings for clear error." *See In re Frushour*, 433 F.3d 393, 398 (4th Cir. 2005).  Having carefully assessed the record and the appellate briefs of the parties, we are satisfied that the bankruptcy court did not err — either as to Old Town's liability or the proper measure of damages.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*